IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRION AUSTIN JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-CV-719-WKW |
| ) | [WO] |
| ) | |
| MICHAEL RYAN BLACK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Patrion Austin Jones (Ms. Jones) sued Michael Ryan Black (Mr. Black) on two counts of negligence arising from a car accident in Georgia that Mr. Black allegedly caused. Mr. Black moved to dismiss the case for lack of personal jurisdiction and for improper venue or, in the alternative, to transfer the case to the proper venue. For the reasons discussed below, Mr. Black's motion will be granted in part and denied in part.

### I. JURISDICTION AND VENUE

The court exercises subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. As discussed below, Mr. Black asserts that this court lacks personal jurisdiction over him and that the Middle District of Alabama is an improper venue.

## II.  STANDARDS OF REVIEW

"When considering a motion to dismiss for lack of personal jurisdiction" under Federal Rule of Civil Procedure 12(b)(2), "[t]he court must construe the allegations in the complaint as true to the extent they are uncontroverted by [the] defendant's affidavits or deposition testimony." *Slocumb L. Firm, LLC v. Trollinger*, No. 3:14-CV-719-WKW, 2015 WL 4715067, at *1 (M.D. Ala. Aug. 7, 2015) (alterations in original) (quoting *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)).  "[W]here the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff."  *Id.* (alteration in original) (quoting *Morris*, 843 F.2d at 492).  "When no evidentiary hearing is held, the plaintiff need only establish a prima facie case of jurisdiction by presenting evidence sufficient to defeat a motion for judgment as a matter of law."  *Id.* (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).  Under "that standard, the plaintiff must offer evidence that creates a genuine dispute of material fact as to the court's personal jurisdiction over the defendant." *Id.*

"The standard for deciding a motion to dismiss for improper venue" under Federal Rule of Civil Procedure 12(b)(3) "is very similar to the standard . . . for deciding a Rule 12(b)(2) motion."  *Id.*  "[O]nce the defendant contests venue under Rule 12(b)(3)," *id.*, "[t]he plaintiff bears the burden of demonstrating that venue is

2

proper," *Nuckols v. Stevens*, No. 2:14-CV-705-WKW, 2014 WL 5197205, at *1 (M.D. Ala. Oct. 14, 2014).

### III.  BACKGROUND

Ms. Jones (a resident of Montgomery, Alabama) alleges that on August 24, 2021, she was involved in a car accident with Mr. Black (a resident of Albany, Georgia) in Albany, Georgia, when Mr. Black collided with her vehicle. (Doc. # 6 at 1–2.)[1]  Ms. Jones sued Mr. Black in this court, pursuant to diversity of citizenship jurisdiction (28 U.S.C. § 1332), on two claims: negligence and negligent operation of a motor vehicle.  (Doc. # 6.)  In response, Mr. Black moved to dismiss for lack of personal jurisdiction and for improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).  (Doc. # 8 at 3–6.)  In the alternative, pursuant to 28 U.S.C. § 1406(a), Mr. Black moved to transfer this action to the proper venue: the United States District Court for the Middle District of Georgia. (Doc. # 8 at 6–7.) Ms. Jones responded (Doc. # 9), and Mr. Black replied (Doc. # 13).

### IV.  DISCUSSION

A. <u>**Dismiss for Lack of Personal Jurisdiction**</u>

First, Mr. Black argues that this court lacks personal jurisdiction over him and, so, the case should be dismissed pursuant to Federal Rule of Civil Procedure

---

[1] All citations use the pagination as designated by the CM/ECF filing system.

12(b)(2). (Doc. # 8 at 3–5.) "A federal court sitting in diversity may exercise jurisdiction over a nonresident defendant to the same extent as a court of that state." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355 (11th Cir. 2000). "Alabama permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth Amendment to the Constitution." *Id.* at 1355–56.

"The Due Process Clause permits a court to summon a nonresident to defend himself in the forum [if] that person has some 'minimum contacts' with that state and . . . the exercise of personal jurisdiction over the defendant would not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 1356 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Whether the minimum contacts inquiry is satisfied depends on whether the asserted personal jurisdiction is specific or general." *Marbury v. Am. Truetzschler*, 111 F. Supp. 2d 1281, 1284 (M.D. Ala. 2000). "General jurisdiction exists where a party has such frequent and regular contacts with the forum state that jurisdiction is proper even though the party's contacts are unrelated to the cause of action." *Id.* "Specific jurisdiction exists where a party's contacts with the forum are related to the litigation." *Id.*[2]

---

[2] For specific jurisdiction to exist, a party's "contacts . . . must satisfy three criteria." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). First, "they 'must be related to the plaintiff's cause of action or have given rise to it.'" *Id.* (*McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005)). Second, "they must involve 'some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum.'" *Id.* (quoting *McGow*,

4

Here, neither type of contact exists. Mr. Black is a citizen of Georgia, and never does any business in Alabama (Doc. # 8-3 at 2), so there is no general personal jurisdiction. *Marbury*, 111 F. Supp. 2d at 1284. And there is no specific personal jurisdiction because all the contacts related to, or that caused, this litigation are in Georgia, Mr. Black never "purposely avail[ed]" himself of this forum, and, because the alleged conduct occurred in Georgia, Mr. Black would not have "reasonably anticipate[d]" being brought before this court. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (quoting *McGow v. McCurry*, 412 F.3d 1207, 1214 (11th Cir. 2005)). So, the court finds that it does not have personal jurisdiction over Mr. Black.[3]

B.  **Dismiss for Improper Venue**

Second, Mr. Black argues that this court is not the proper venue for this action, and, so, it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3). (Doc. # 8 at 5–6.) "A civil action may be brought in" any of the following:

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject

---

412 F.3d at 1214). Third, "they 'must be such that the defendant should reasonably anticipate being haled into court [in the forum].'" *Id.* (quoting *McGow*, 412 F.3d at 1214).

[3] Because there are no minimum contacts, the court does not address the second step of the "two-tier" Due Process "inquiry": "whether the exercise of personal jurisdiction over the defendant would offend 'traditional notions of fair play and substantial justice.'" *Marbury*, 111 F. Supp. 2d at 1284 (quoting *Madara*, 916 F.2d at 1515–16).

>of the action is situated; **or (3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (emphasis added). "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).

Ms. Jones has failed to establish that this court is the proper venue under any of the three options. 28 U.S.C. § 1391(b). First, Mr. Black does not reside in this district; he resides in the Middle District of Georgia. (Doc. # 8-3.) Second, the "substantial part of the events" that gave rise to this action—all of them—occurred in the Middle District of Georgia. 28 U.S.C. § 1391(b)(2); *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) ("Only the events that directly give rise to a claim are relevant."). Third, as already discussed, this court does not have personal jurisdiction over Mr. Black, so this is not a proper venue.

**C.     Transfer to the Proper Venue**

"In the alternative to dismissal," Mr. Black argues that "this case [should] be transferred to the appropriate" venue. (Doc. # 8 at 6.) Per 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any

6

district . . . in which it could have been brought." "When venue would be proper in another district under § 1391, transfer is preferred over dismissal unless there is evidence that a case was brought in an improper venue in bad faith or in an effort to harass a defendant." *Palmer v. Dau*, No. 6:10-CV-248-PCF, 2010 WL 2740075, at *2 (M.D. Fla. Jul. 12, 2010); *see also Wainwright v. Thomas*, No. 2:14-CV-317-WKW, 2014 WL 4925878, at *3 (M.D. Ala. Sept. 30, 2014) (quoting *Palmer*, 2010 WL 2740075, at *2). There is no indication that Ms. Jones sued Mr. Black in this venue for such reasons. And the fact that the court does not have personal jurisdiction over Mr. Black does not prevent transfer to the proper venue. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases . . . whether the court in which it was filed ha[s] personal jurisdiction over the defendant[] or not.").

The purpose of 28 U.S.C. § 1406(a) was "to correct the injustices that would otherwise result merely because [a] plaintiff 'made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn.'" *Manley v. Engram*, 755 F.2d 1463, 1469 (11th Cir. 1985) (quoting *Goldlawr*, 369 U.S. at 466). Where a filer makes such an "erroneous guess," "'the interest of justice' may require that the complaint . . . be transferred [and not dismissed] in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating

7

technicalities.'" *Goldlawr*, 369 U.S. at 466–67 (quoting *Internatio-Rotterdam, Inc. v. Thomsen*, 218 F.2d 514, 517 (4th Cir. 1955)).

Ms. Jones has "'not shown' . . . that [she] 'made an erroneous guess with regard to an elusive fact.'" *Blue Star Kitchen, Inc. v. Manuel*, No. 1:20-CV-3886-CAP, 2021 WL 3422562, at *2 (N.D. Ga. June 7, 2021) (quoting *Nuckols*, 2014 WL 5197205, at *4). The fact that venue is improper in this district is not an elusive one. So, this "filing error was obvious." *Nuckols*, 2014 WL 5197205, at *3. And some courts have found that an obvious filing error justifies dismissing the action. *Id.* (citing precedents from the Fourth and Seventh Circuits that "have applied *Goldlawr* to deny transfer[] in favor of dismissal[] where the filing error was obvious "); *see also id.* at *4 (relying in part on this reasoning to dismiss, and not transfer, an action).

But, ultimately, "[t]he decision [about] whether to transfer or dismiss a case pursuant to § 1406(a) 'lies within the sound discretion of the district court.'" *Wainwright*, 2014 WL 4925878, at *3 (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993)). And "[t]he broad discretion afforded courts [to] deci[de] . . . whether to transfer a case under § 1406(a) does not mandate dismissal, even when the filing error is obvious." *Id.* at *6; *Goldlawr*, 369 U.S. at 466 ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue[.]"). Therefore, the court declines to dismiss this action because of Ms. Jones's obvious

8

filing error and, instead, finds that the "interest of justice" will be served by transferring this action to the proper venue—the Middle District of Georgia.

## V.  CONCLUSION

For the foregoing reasons, it is ORDERED that Mr. Black's motion to dismiss or to transfer venue (Doc. # 8) is GRANTED IN PART, to the extent that this action is TRANSFERRED to the United States District Court for the Middle District of Georgia, and is otherwise DENIED.  The Clerk of the Court is DIRECTED to take all steps necessary to effectuate the transfer.

DONE this 11th day of August, 2023.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE